IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Applied Machinery Rentals, LLC** | ) | Case No. 23-30461 |
| | ) | |
| Debtor. | ) | |

## MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019

Cole Hayes, trustee for the estate of the above captioned Chapter 7 bankruptcy (the "Trustee"), requests entry of an order approving the settlement between the bankruptcy estate of Applied Machinery Rentals, LLC (the "Bankruptcy Estate") and Christian Brandt McGillewie ("Brandt"). The settlement is more fully described below and in the attached Agreement.[1] In support of the relief requested, the Trustee respectfully asserts the following:

### JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409. Bankruptcy Rule 9019 affords the relief sought herein.

2. Prior to bankruptcy, the Debtor, Applied Machinery Rentals, LLC, purported to be in the business of acquiring, distributing, leasing, and selling Merlo Telehandlers – an Italian hydraulic machine that is a combination tractor, forklift, and crane boom. The Debtor was previously the exclusive dealer of Merlo equipment in North America.

3. Since its formation, Garth Errol McGillewie Jr. ("Garth") was the sole member and principal of the Debtor. Upon information and belief, Garth acted as president and CEO of the Debtor and exercised complete and unfettered dominion and control over its affairs and assets.

4. Garth ran the Debtor as a criminal enterprise with the intent to enrich himself and his family at the expense of the Debtor's creditors.

5. Brandt is Garth's son.

6. According to the Trustee, Brandt received significant transfers from the Debtor for which the Debtor received no benefit and which Garth made with the actual intent to defraud the Debtor's creditors via a Ponzi scheme. These transfers include:

   a. At least $75,000.00 in direct payments to Brandt from AMR in the six years prior to the Petition Date;

---
[1] All capitalized terms shall have the meaning ascribed to them in the Agreement.

  b. Use of AMR funds to purchase vehicles titled in AMR's name but used by Brandt.

  c. Use of AMR funds to purchase real property that was titled in the name of an affiliate in which Brandt resided; and

  d. AMR's payment of life insurance premiums on Garth's life that resulted in Brandt's receipt of $660,000.00.

7. Brandt denied all liability related to the transfers previously listed.

8. The Parties agreed to engage in settlement negotiations prior to the Trustee's filing an action against Brandt. The negotiations were fruitful, culminating in the Agreement now before the Court of approval.

## SETTLEMENT TERMS

9. The Parties' Agreement is set out in full as Exhibit 1.

10. Generally, the Parties agree that Brandt will pay a total of $230,000.00 to the Bankruptcy Estate.

11. The Parties agree to provide broad, mutual releases.

12. The Agreement is contingent on approval of a settlement between Brandt and the bankruptcy trustee of G and W Industrial Properties, LLC.

## RELIEF REQUESTED

13. Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

14. Generally, "compromises are favored in bankruptcy." *Myers v. Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court finds that the settlement was negotiated in good faith as well as being reasonable, fair and equitable. *Martin v. Kane (In Re: A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

15. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

2

16.     In the sound exercise of his business judgment, the Trustee has determined that the best interests of the Bankruptcy Estate and creditors are served by settling on the terms set forth above.  In reaching this conclusion, the Trustee considered: (a) the amount in controversy; (b) the costs and risk of litigating; (c) Brandt's personal financial statement; (d) the safety provided by the provisions in the Agreement related to hidden assets; and (e) his experience administering this and other bankruptcy cases.

17.     The Trustee submits that the settlement proposed herein is reasonable, fair, and equitable, was negotiated at arm's length and in good faith, and yields significant funds that can be distributed to the creditors in this case.

18.     The Trustee requests that he be permitted to hold any funds received pursuant to the Agreement prior to the approval of this Motion in the Bankruptcy Estate's bank account.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order approving the settlement on the terms set forth.

Dated:  Charlotte, North Carolina
        January 10, 2024

                            */s/ Cole Hayes*
                            Cole Hayes (Bar No. 44443)
                            601 S. Kings Drive
                            Suite F PMB #411
                            Charlotte, NC 28204
                            704-490-4247
                            cole@colehayeslaw.com
                            *Trustee and attorney for the Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Applied Machinery Rentals, LLC** | ) | Case No. 23-30461 |
| | ) | |
| Debtor. | ) | |

## NOTICE OF OPPORTUNITY FOR HEARING
(**No Protest Notice – No Hearing Will be Held Unless Request for Hearing is Filed**)

　　PLEASE TAKE NOTICE that Cole Hayes, Trustee for the estate of the above captioned Chapter 7 bankruptcy, has filed a *Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019* (the "Motion").

　　PLEASE TAKE FURTHER NOTICE that your rights may be affected by the Motion. You should read the Motion carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one.

　　PLEASE TAKE FURTHER NOTICE that in order for a hearing to be held on the Motion, written responses, if any, must be filed on or before **January 24, 2024** (the "Response Deadline") in order to be considered. If you do not want the Court to grant the relief requested in the Motion, or if you oppose it in any way, you MUST:

(1)　　File a formal, written a response with the Bankruptcy Court at:

　　　　Clerk, United States Bankruptcy Court
　　　　Charles Jonas Federal Building
　　　　401 West Trade Street
　　　　Charlotte, North Carolina 28202

(2)　　Serve a copy of your response on all parties in interest, including:

　　　　U.S. Bankruptcy Administrator
　　　　402 West Trade Street
　　　　Charlotte, NC 28202

　　　　Cole Hayes, Trustee
　　　　601 S. Kings Drive
　　　　Suite F PMB #411
　　　　Charlotte, NC 28204

4

      PLEASE TAKE FURTHER NOTICE that IF RESPONSES ARE TIMELY FILED, a hearing on the Motion will be held before The Honorable J. Craig Whitley at the United States Bankruptcy Court, Charles Jonas Federal Building, Courtroom 2B, 401 West Trade Street, Charlotte, North Carolina on **February 5, 2024 at 9:30 A.M. (ET)**.

      PLEASE TAKE FURTHER NOTICE that, if you or your attorney do not file a written response to the Motion on or before the Response Deadline, the Court may grant the relief requested in the Motion without a hearing. No further notice will be given.

Dated: Charlotte, North Carolina
       January 10, 2024

                                            */s/ Cole Hayes*
                                       Cole Hayes (Bar No. 44443)
                                       601 S. Kings Drive
                                       Suite F PMB #411
                                       Charlotte, NC 28204
                                       704-490-4247
                                       cole@colehayeslaw.com
                                       *Trustee and attorney for the Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Applied Machinery Rentals, LLC** | ) | Case No. 23-30461 |
| | ) | |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

      I certify that I served the *Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019* in compliance with this Court's *Order Establishing Notice Noticing Procedures* [Doc. 172].

Dated: Charlotte, North Carolina
        January 10, 2024

                                          */s/ Cole Hayes*
                                  *Trustee and attorney for the Trustee*