# SETTLEMENT AGREEMENT WITH MUTUAL RELEASES

**THIS SETTLEMENT AGREEMENT WITH MUTUAL RELEASES** (the "Agreement"), dated as of December ___, 2023 is entered into by and between Cole Hayes, in his capacity as the Trustee (the "Trustee") of the bankruptcy estate of Applied Machinery Rentals, LLC (the "Bankruptcy Estate"), and Christian Brandt McGillewie ("Brandt"). Collectively, the Trustee, the Bankruptcy Estate, and Brandt may be referred to here as the "Parties."

**WITNESSETH:**

**WHEREAS**, on July 17, 2023 (the "Petition Date"), through its state court appointed receiver, Applied Machinery Rentals, LLC ("the Debtor") filed in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") a voluntary petition for relief under chapter 7 of the Bankruptcy Code, initiating the Chapter 7 bankruptcy case, case number 23-30461.

**WHEREAS**, the Trustee is the duly appointed, acting, and qualified trustee of the Bankruptcy Estate.

**WHEREAS**, the Trustee asserts, and Brandt denies, that Brandt is the recipient of numerous transfers which the Trustee could avoid and recover for the benefit of the Debtor's creditors.

**WHEREAS**, the Trustee and Brandt attempted to settle the Bankruptcy Estate's claims against Brandt and engaged in negotiations related to the same.

**WHEREAS**, as part of the Parties' negotiations, Brandt provided to the Trustee a Personal Financial Statement (the "PFS") that he swears under penalty of perjury is true and complete. A copy of the PFS is attached to this Agreement as Exhibit A and incorporated by reference.

**WHEREAS**, the Trustee reasonably relied on the PFS in negotiating with Brandt.

**WHEREAS,** subject to the review and approval of the Bankruptcy Court and the other terms and conditions set forth below, the Parties have agreed to resolve all claims that exist between them.

**NOW, THEREFORE,** in consideration of the promises herein contained, and other good and valuable consideration, the undersigned Parties agree as follows:

1. **Motion to Approve Agreement.** The Trustee shall prepare and file a motion pursuant to Bankruptcy Rule 9019 seeking Bankruptcy Court approval of this Agreement (the "9019 Motion").

2. **Settlement Payment**. Brandt shall pay to the Bankruptcy Estate $230,000.00 (the "Settlement Payment"). The Settlement Payment shall be paid by bank wire transfer to the Trustee's counsel, Ward & Smith, P.A. within five days of the Effective Date.

3.      **Effectiveness.** This Agreement shall be binding on the Parties upon the entry of an order approving the 9019 Motion (such date, the "Effective Date").

4.      **Condition Precedent**.  In consideration for the terms herein, this Agreement is contingent upon certain other agreements executed contemporaneous herewith concerning the Estate of G&W Holdings, LLC, G&W Industrial Properties, LLC, and the Estate of Garth McGillewie, Jr. (the "Related Agreements").  The Related Agreements are in contemporaneous form as to this Agreement.  Notwithstanding anything contained in this Agreement or any Related Agreement to the contrary, the parties obligations under this Agreement are expressly contingent upon the closing and court approval of the terms and releases contemplated by the Agreement. In that regard, unless the Parties otherwise expressly agree in a writing signed by the Parties, in the event that either of the Related Agreements are terminated or not approved by the pertinent court for any reason whatsoever this Agreement shall terminate automatically, in which event the Parties shall have no further rights or obligations hereunder.

5.      **Mutual Releases by Brandt and the Bankruptcy Estate.**  For and in consideration of the terms of this Agreement and other good and valuable consideration, and subject to the other terms, provisions and limitations of this Section, (A) the Trustee, and the Bankruptcy Estate along with the Debtor and its successors, affiliates, subsidiaries, assigns, alter egos, and instrumentalities of the Debtor hereby release, acquit and forever discharge Brandt and his successors, assigns and heirs, as well as any agents, insurers, attorneys, and other representatives (collectively, "Brandt Released Parties") from any and all claims, actions, causes of action, charges, demands, losses, fees and any other damages of every kind, nature and description whatsoever, whether known or unknown, whether asserted or unasserted, whether past or present, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, whether arising in common law or by statute or by equity, whether based on contract, tort, or otherwise, or any other form of injury that the Trustee or the Bankruptcy Estate now have or ever had against the Brandt Released Parties from the beginning of time through and including the date of this Agreement, and (B) except as specified below, Brandt hereby releases, acquits and forever discharges the Trustee and the Bankruptcy Estate, and their respective successors, assigns and heirs, as well as any agents, insurers, attorneys and other representatives (collectively, "Estate Released Parties"), from any and all claims, actions, causes of action, charges, demands, losses, fees and any other damages of every kind, nature and description whatsoever, whether known or unknown, whether asserted or unasserted, whether past or present, whether suspected or unsuspected, whether liquidated or unliquidated, whether matured or unmatured, whether arising in common law or by statute or by equity, whether based on contract, tort, or otherwise, or any other form of injury that Brandt now has or ever had against any of the Estate Released Parties from the beginning of time through and including the date of this Agreement.

Such releases stated above shall become effective on the Effective Date and are intended to be construed as broadly as permitted by applicable law as between the Parties.

6.      **Compromise Not An Admission.**  The Parties agree and acknowledge that this Agreement is being entered into only for the purpose of avoiding the burdens, inconveniences and expenses of further disputes and litigation between the Parties and is not and shall not be construed

or deemed to be an admission or concession by any party as to the merits of any claim or defense of the Parties.

7. **Non-Disparaging.** The Parties, on behalf of themselves and their agents, representatives, heirs, predecessors, successors, assigns, attorneys, insurers, shareholders, officers, directors, members, employees, distributors, parents, subsidiaries, sister companies, and all other related or affiliated entities, agree to refrain from taking any action or making any statement, written or oral (including but not limited to statements on social media), that would defame or disparage the good will or reputation of the Parties. Notwithstanding this provision, the Parties acknowledge and agree that the Trustee can and may, in the furtherance of his duties and obligations to the Bankruptcy Estate, refer to the acts and conduct of Garth Errol McGillewie Jr. in transferring assets of the Bankruptcy Estate, including alleged transfers to Brandt. Any such references to the alleged transfers to Brandt by the Trustee or on his behalf – whether in pleadings, correspondence, statements in court, or otherwise – will not be a violation of this provision.

8. **Representations by Brandt.** Brandt hereby represents and warrants under penalty of perjury that he has provided a personal financial statement ("PFS") to the Trustee that is true, accurate and complete to the best of his knowledge. Brandt further acknowledges that the Trustee has reasonably relied on the PFS in determining whether or not to enter into this Agreement.

9. **Discovered Assets**. Notwithstanding the releases provided herein, if (i) the Debtor's insider, Garth Errol McGillewie, Jr., or anyone acting on his or the Debtor's behalf, transferred to or concealed material assets in the name, or for the benefit of Brandt or (ii) Brandt failed to disclose material assets on his PFS, Brandt agrees to disclose any such assets to the Trustee, to sign all necessary documents facilitating turnover of such assets to the Trustee, and to assist the Trustee in obtaining possession and control over all such assets for distribution to creditors of the Debtor. For purposes of this Agreement, "material assets" shall mean any non-exempt asset with a net value over $5,000.00.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina with exclusive jurisdiction residing in the Bankruptcy Court.

11. **Enforcement.** The Order approving the 9019 Motion shall provide that the Parties shall comply with the terms of this Agreement.

12. **Counterparts.** This Agreement may be executed in duplicate counterparts, each of which shall be deemed an original and all of which shall constitute but one and the same instrument.

13. **No Waiver of Right to Enforce Terms of Agreement.** By signing this Agreement, the Parties do not waive any right or claim to enforce the terms of this Agreement.

14. **No Assignment.** Each of the Parties represents, warrants, covenants and agrees that it has not assigned, transferred or conveyed in any manner all or any part of its legal claims or legal rights in connection with the matters described above.

**15.** **Successors In Interest.** This Agreement shall be binding upon the Parties and each of their respective heirs, predecessors, successors, assigns, affiliates, agents, insurers, employees, legal representatives and any other persons or entities acting on their behalf or claiming through or under them or any of them, and shall inure to the benefit of all the Parties, as well as each of their respective heirs, predecessors, successors, assigns, affiliates, agents, insurers, employees, legal representatives and any other persons or entities acting on their behalf or claiming through or under them or any of them.

**16.** **Entire Agreement.** No promise or agreement other than those recited above has been made as consideration for the releases and discharges effected by this Agreement, and the Parties enter into this Agreement for the sole consideration recited herein. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior proposals, negotiations, understandings, representations, and agreements relating to such subject matter.

**17.** **All Amendments Must Be In Writing.** The terms of this Agreement may not be changed, modified, waived, discharged, or terminated in any manner, except by written instrument signed by all of the Parties

**18.** **Interpretation.** This Agreement shall be construed as if jointly drafted by the Parties, and no presumption or burden of proof will arise favoring or disfavoring any party hereto.

**19.** **Severability.** The Parties agree that if any term of this Agreement is deemed to be invalid for any reason, the remaining terms and provisions shall retain their full force and effect.

**20.** **Costs and Fees.** The Parties agree that they shall pay their own costs and attorneys' fees associated with the negotiation and execution of this Agreement.

*[SIGNATURES ON FOLLOWING PAGE]*

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered on the date first written above.

Cole Hayes, in his capacity as the Trustee of
the Bankruptcy Estate of Applied Machinery Rentals, LLC

_____

By: Cole Hayes, Trustee

Christian Brandt McGillewie

_____

By: Christian Brandt McGillewie

# PERSONAL FINANCIAL STATEMENT

## Individual Information (Type or Print)

NOTE: Any willful misrepresentation could result in a violation of Federal Law (Sec. 18 U.S.C. 1014)

- Name: Christian B McGillewie
- Street Address: [redacted]
- City: Wilmington
- State/Zip: NC 28403
- Birth Date: [redacted]
- Social Sec. Number: [redacted]
- No. of Dependents: [redacted]
- Business Name: Off the Hook
- Bus. Or Occupation: Broker / Fishing Captain
- Length of Employment: 16 months
- Home Phone: [redacted]
- Business Phone: [redacted]
- E-mail/Website: [redacted]
- Driver's License Number: [redacted]
- State Issued: North Carolina

## Joint/Other Party Information (Type or Print)

(blank)

## STATEMENT OF FINANCIAL CONDITION AS OF September 21, 2023

| # | ASSETS | Amount | LIABILITIES | Amount |
|---|---|---|---|---|
| 1 | Cash in Banks (Schedule D) | 72,882 | Unpaid Taxes Due | |
| 1 | Cash in Banks (Schedule D - Life Insurance) | 938,819 | Unpaid Taxes Due | |
| 2 | Cash Value of Life Insurance (Schedule E) | 0 | Loans on Life Insurance Policies (Schedule E) | |
| 3 | U S Gov & Marketable Securities (Schedule F) | 0 | Loans on Marketable Securities (Schedule F) | |
| 4 | Other Assets Readily Convertible to Cash (Itemize) | 0 | Credit Card Debt | 24,279 |
| 5 | | | Other Liabilities Due within 1 Year (Itemize) | |
| 6 | | | | |
| 7 | | | | |
| 8 | Partial Interest in Real Estate (Schedule G) | 0 | Mortgage on Partially Owned Real Estate (Sch. G) | |
| 9 | Real Estate Owned (Schedule H) | 0 | Real Estate Mortgages Payable (Schedule H) | |
| 10 | Accounts, Loans, Notes, Mortgages Receivable (Schedule I) | 0 | Accounts, Loans, Notes Payable (other than included in Sch E, F, G, H & J)(Schedule K) | |
| 11 | Interest in Non-Marketable Securities (to include C-Corps, S-Corps, Ptnrshps, and LLCs) (Schedule J) | | Loans on Non-Marketable Securities (schedule J) | |
| 12 | Vehicles (1978 Ford Bronco - 178,000 miles) | 20,000 | Other Debt (Itemize) | |
| 12 | Vehicles (2022 Ford F150 Lariat - 13,000 miles) | 50,625 | Other Debt (Itemize) | 45,377 |
| 13 | Other Assets (Itemize)- Rolex (3) | 25,000 | | |
| 13 | Other Assets (Itemize)- Rifles (7) | 2,800 | | |
| 13 | Other Assets (Itemize)- Handguns (3) | 900 | | |
| 13 | Other Assets (Itemize)- Shotguns (10) | 4,200 | | |
| 13 | Other Assets (Itemize)- Muzzleloader (2) | 200 | | |
| 13 | Other Assets (Itemize)- Fishing rods (8) | 1,000 | | |
| 13 | Other Assets (Itemize)- Fly Fishing rods (3) | 300 | | |
| 13 | Other Assets (Itemize)- Panthers Helmet | 200 | | |
| 13 | Other Assets (Itemize)- IPAD, MacBook, Laptop | 800 | | |
| 13 | Other Assets (Itemize)- Omega | 1,000 | | |
| 13 | Other Assets (Itemize)- Compound Bow | 800 | | |
| 13 | Other Assets (Itemize)- TV Clothes, Furniture | 1,400 | | |
| 14 | Personal property | | | |
| 15 | 1978 19 Sea Ox (trailer included) | 10,000 | Total Liabilities | 69,656 |
| 16 | 2021 24 Pair Customs (trailer included) | 75,000 | Net Worth (Total Assets minus Total Liabilities) | 1,136,270 |
| 17 | TOTAL ASSETS | 1,205,926 | TOTAL LIABILITIES & NET WORTH | |

## Annual Income and Expenditures

| Annual Income for Year-End | $ | Annual Expenditures | $ | Contingent Liabilities | $ |
|---|---|---|---|---|---|
| Salary, Bonuses & Commissions | $ | Taxes - Federal/State/Local | $ | | |
| Dividends & Interest | $ | Real Estate Taxes | $ | ☐ ☐ | $ |
| Real Estate Income (Net) | $ | Insurance Premiums | $ | | |
| Other Income - Itemize | $ | Mortgage Payments | $ | ☐ ☐ | $ |
| | $ | Rent Payable | $ | | |
| | $ | Other Contract Payments (credit cards, auto) | $ | ☐ ☐ | $ |
| | $ | Alimony/Child Support | $ | | $ |
| | $ | | $ | | |
| Total Income | $ | Total Expenditures | $ | Total Contingent Liabilities | $ |

## General Information - If yes, then attach explaination

- Are you a U.S. Citizen? ☒ Yes ☐ No - Country _____
- Are you a defendant in any suits or legal actions? ☒ No ☐ Yes
- Have you ever filed for bankruptcy protection in the last 14 years? (Explain) ☒ No ☐ Yes
- Are any assets held in trust? ☐ No ☒ Yes

## Schedule D CASH IN BANKS

| NAME OF BANK | | Type | Amount |
|---|---|---|---|
| South State Bank | [redacted] | Checking | 15,218 |
| South State Bank | [redacted] | Money Market | 938,819 |
| South State Bank | [redacted] | Savings | 57,627 |
| | | TOTALS | 1,011,701 |

Schedules and attachments should be signed and dated by the individual and joint party (if applicable)

Case 23-30461   Doc 308-1   Filed 01/10/24   Entered 01/10/24 15:58:55   Desc Exhibit
Page 7 of 7

## Schedule E   LIFE INSURANCE (List only those Policies that you own)

| COMPANY | | | | Policy Holder | BENEFICIARY |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | TOTALS | | | |

## Schedule F   SECURITIES OWNED (Including U.S. Gov't Bonds and all other Marketable Stocks and Bonds)

| | | In Name Of | COST | Market Value | Amount Pledged | To Whom Pledged |
|---|---|---|---|---|---|---|
| AMR 401K | | Christian Brandt | | 2,941.72 | | |
| | | | | | | |
| | | | TOTALS | 2,941.72 | | |

## Schedule G   PARTIAL INTERESTS IN REAL ESTATE EQUITIES

| | Description & Location | Original Cost | Present Value of Real Estate | Amount of Ins. Carried | MORTGAGE OR CONTRACT PAYABLE ||| |
|---|---|---|---|---|---|---|---|---|
| | | | | | Bal. Due | Payment | Maturity | |
| | | | | | | | | |
| | | | | | | | | |
| | | | TOTALS | | | | | |

## Schedule H   REAL ESTATE OWNED

| TITLE OWNERSHIP NAME | Description & Location | Original Cost | Present Value of Real Estate | Amount of Ins. Carried | MORTGAGE OR CONTRACT PAYABLE ||| |
|---|---|---|---|---|---|---|---|---|
| | | | | | Bal. Due | Payment | Maturity | |
| | | | | | | | | |
| | | | TOTALS | | | | | |

## Schedule I   ACCOUNTS, LOANS, NOTES AND MORTGAGES RECEIVABLE

| MAKER/DEBTOR | Maturity Date | Term & Payment Amt. or Date Full Payment Expected | | | | SECURITY (If Any) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | TOTALS | | | |

## Schedule J   INTEREST IN NON-MARKETABLE SECURITIES (To Include C-Corps, S-Corps, Ptnrshps, and LLCs)

| Name of Entity/Security | Description of Entity/Security | Book Value Per Financial Statement | Market Value of Entity/Security | Amount of Liabilities including Contingent Liabilities |
|---|---|---|---|---|
| Grander Marine Management, LLC | Detail Boats, Move Boats, Manage Boats | n/a | n/a | n/a |
| | | | | |
| | | TOTALS | | |

## Schedule K   ACCOUNTS, LOANS, NOTES PAYABLE (other than included in Sch E, F, G, H and J)

| PAYABLE TO | Other Obligors (If Any) | When Due | | | | COLLATERAL (If Any) |
|---|---|---|---|---|---|---|
| Ford Credit | | 07/24/2029 | | | 45,377 | F-150 |
| Capital One | | | | | 8777 | |
| Bank of America | Garth McGillewie | Closed | | | 15,502 | |
| | | TOTALS | | | | |

September 20   ##   Brandt McGillewie                     _[signature]_